J-S08036-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KELVONTAE NASHEED PERRY | : | |
| | : | |
| Appellant | : | No. 2106 EDA 2025 |

Appeal from the Judgment of Sentence Entered May 7, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004367-2023

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED AUGUST 10, 2026**

Appellant Kelvontae Nasheed Perry appeals from the judgment of sentence imposed after being convicted of third-degree murder and related aggravated assault and firearms offenses. On appeal, Appellant challenges the weight of the evidence and claims the trial court erred by admitting evidence of a neighborhood feud and abused its discretion at sentencing. After review, we are constrained to quash the appeal.

The trial court summarized the facts of the case as follows:

On December 23, 2020, officers responded to a report of a gunshot victim in Levittown, Bucks County, Pennsylvania. Andre Bryant ("Mr. Bryant"), a passenger in a silver sedan, called 911 after the driver of the vehicle, 20-year-old Shaquille Love ("Victim"), had been shot while driving Mr. Bryant to his girlfriend's house. Mr. Bryant testified at trial that he grew up in the Winder Village neighborhood of Bristol, Bucks County and knew there was a feud between Winder Village and a neighboring community, Bloomsdale. The clash became violent in 2018 when two members of the Bloomsdale neighborhood were killed by

members of the Winder Village neighborhood. Appellant was known to be actively involved in the feud. However, Mr. Bryant stated that Victim was not a part of the violence, and he believed no one involved in the rivalry even knew of Victim's existence. In fact, Detective Jason Callahan also testified that officers believe Mr. Bryant was the actual, intended target.

As Victim left Winder Village to drive Mr. Bryant to his girlfriend's house, he stopped at an intersection with a four-way stop sign. Appellant and Quashaad James ("Mr. James") were waiting in a vehicle at the same intersection, perpendicular to Victim. Appellant was the driver while Mr. James was the front passenger. Victim flashed his lights to indicate that Appellant could proceed through the intersection first, but after Appellant did not move his vehicle, Victim made a turn and proceeded to drive. Appellant immediately began following Victim's vehicle. After Victim drove for approximately seven to eight minutes and made several turns, he began to worry that Appellant was following him. Mr. Bryant told Victim to pull over and Mr. Bryant exited the vehicle to yell at Appellant and to tell him to stop following them. Appellant then slowly drove past Victim's car and Mr. James shot Victim in the neck and chest. Victim succumbed to his injuries almost immediately.

Trial Ct. Op., 10/1/25, at 2-3 (some formatting altered).

On December 9, 2024, following a non-jury trial before the Honorable Wallace H. Bateman, Jr., Appellant was convicted of third-degree murder, aggravated assault, conspiracy to commit aggravated assault, carrying a firearm without a license, conspiracy to carry a firearm without a license, possession of an instrument of crime (PIC), conspiracy to commit PIC, possession of a weapon, and conspiracy to commit possession of a weapon.[1] On May 7, 2025, the trial court sentenced Appellant to an aggregate term of

_____

[1] 18 Pa.C.S. §§ 2502(c), 2702(a)(1), 903, 6106(a)(1), 903, 907(a), 903, 907(b), and 903, respectively.

twenty to forty years' incarceration.[2]  Appellant filed timely post-sentence motions, which the trial court denied on July 15, 2025.  Appellant filed a timely notice of appeal.[3]  Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues, which we have reordered as follows:

1. Whether the [trial] court's verdict of guilty of third degree murder, firearms not to be carried without a license, [PIC], possession of a weapon, and conspiracy to the charges were against the weight of the evidence.

2. Whether the trial court erred in allowing evidence of a feud between [the] Bloomsdale section of Bristol Township and the Winder Village section of Bristol Township into evidence.

3. In sentencing [Appellant] to 20 to 40 years, whether the trial court abused its discretion by failing to consider [Appellant's]

_____

[2] Specifically, the trial court sentenced Appellant to fifteen to thirty years incarceration for third-degree murder, five to ten years incarceration for conspiracy to commit aggravated assault, and three and a half to seven years for carrying a firearm without a license.  *See* Sentencing Order, 5/7/25.  The trial court imposed the sentence for conspiracy to commit aggravated assault consecutively to the sentence for third degree murder.  *See id.*  Further, the trial court imposed the sentence for carrying a firearm without a license concurrent to the sentence for third degree murder.  *See id.*

[3] On August 18, 2025, this Court issued a rule to show cause as to why the appeal should not be quashed as having been taken from a purported order which had not been entered upon the docket of the lower court.  *See* Order, 8/18/25.  Appellant responded by stating that the appeal was from the May 7, 2025 judgment of sentence and the July 15, 2025 order denying Appellant's post sentence motions.  *See* Appellant's Response, 8/19/25.  However, it is well established that in a criminal matter the direct appeal lies from the judgment of sentence and not the order denying post-sentence motions.  *See* *Commonwealth v. Lawrence*, 99 A.3d 116, 117 n.1 (Pa. Super. 2014).  We have updated the caption to reflect that this appeal lies from Appellant's May 7, 2025 judgment of sentence.

role in the case, his rehabilitative needs, and the need of the community, as required by

Appellant's Brief at 5 (some formatting altered).[4]

Before addressing the merits of Appellant's claims, we must first consider whether we have jurisdiction. **_See Commonwealth v. Cross_**, 317 A.3d 655, 657 (Pa. Super. 2024) (explaining that this Court may _sua sponte_ raise issues of appellate jurisdiction).

"Jurisdiction is purely a question of law; the appellate standard of review is _de novo_, and the scope of review plenary." **_See id._** (citation omitted).

Additionally, this Court has previously stated the following:

> Typically, appellate jurisdiction extends to "final orders of the courts of common pleas." 42 Pa.C.S.A. § 742. A final order "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). Accordingly, a criminal defendant "may appeal only from a final judgment of sentence, and an appeal from any prior order or judgment will be quashed." **_Commonwealth v. Parker_**, 173 A.3d 294, 296 (Pa. Super. 2017) (emphasis added). . . . A partial sentence neither meets the definition of a final order under Rule of Appellate Procedure 341(b)(1) nor constitutes a final judgment of sentence from which an appeal will lie. **_See_** [**_id._**].

> Indeed, this Court has held that an order imposing a sentence on some, but not all counts, is unappealable. **_See Commonwealth v. Culsoir_**, 209 A.3d 433, 435 (Pa. Super. 2019).

**_See Cross_**, 317 A.3d at 657-58 (some formatting altered).

Here, the trial court's sentencing order only imposed sentences for three of Appellant's convictions. **_See_** Sentencing Order, 5/7/25. Specifically, the

_____

[4] We note that claim three ends abruptly in Appellant's brief and is restated verbatim. **_See_** Appellant's Brief at 5.

trial court imposed sentences for third-degree murder, conspiracy to commit aggravated assault, and carrying a firearm without a license. *See id.* However, Appellant was convicted of nine charges. *See* Non-Jury Trial Verdict, 12/9/24. In addition to three offenses for which the trial court imposed sentences, Appellant was also convicted of aggravated assault, conspiracy to carry a firearm without a license, PIC, conspiracy to commit PIC, possession of a weapon, and conspiracy to commit possession of a weapon. *See id.* The trial court's sentencing order does not impose a sentence for any of these additional convictions.[5] *See* Sentencing Order, 5/7/25. Accordingly, because Appellant's judgment of sentence is not final, this Court has no jurisdiction to review Appellant's claims, and we are constrained to quash this appeal.[6] *See Cross*, 317 A.3d at 657-58.

Appeal quashed. Jurisdiction relinquished.

_____

[5] We are cognizant that the sentencing transcript reflects that the trial court stated that it did not wish to impose penalties on the remaining charges. *See* Sentencing Hr'g, 5/7/25, at 23. However, it is axiomatic that "the text of the sentencing order, and not the statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed." *Commonwealth v. Sarvey*, 199 A.3d 436, 451 (Pa. Super. 2018).

[6] Our disposition does not foreclose Appellant from seeking a final sentencing order from the trial court.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>8/10/2026</u>